**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN WESLEY BUCKHANAN,<br><br>  Plaintiff,<br><br>  vs.<br><br>OFFICER RICHARD JAMES FISHER, et al.,<br><br>  Defendants.<br>_____ / | CASE NO. CV-F-03-6749 LJO<br><br>**ORDERS ON DEFENDANTS' SUMMARY JUDGMENT/ADJUDICATION MOTION AND PLAINTIFF'S MOTION TO WITHDRAW DEEMED ADMISSIONS AND TO AMEND COMPLAINT**<br>(Docs. 35, 42, 44.) |

**INTRODUCTION**[1]

Defendants City of Ceres ("City"), City police chief Art DeWerk ("Chief DeWerk") and City police officer Darren Venn ("Officer Venn") seek summary judgment/adjudication on plaintiff John Wesley Buckhanan's ("Mr. Buckhanan's") 42 U.S.C. § 1983 ("section 1983") and related excessive force claims. The City, Chief DeWerk and Officer Venn (collectively "defendants") base their summary judgment/adjudication motion chiefly on deemed admissions resulting from Mr. Buckhanan's failure to respond timely to defendants' requests for admission. Defendants set an April 15, 2005 hearing for their summary judgment/adjudication decision.

Late in the afternoon of April 14, 2005, Mr. Buckhanan filed his motions to withdraw the

---

[1] Pursuant to 28 U.S.C. § 636(c) and F.R.Civ.P. 73, the parties consented to proceed before a United States Magistrate Judge, and by an January 22, 2004 order, this action was assigned to United States Magistrate Judge Lawrence J. O'Neill for all further proceedings.

1

deemed admissions and to amend his first amended complaint to address what his counsel characterizes as Mr. Buckhanan's lack of mental capacity. This Court conducted an April 15, 2005 hearing on defendants' summary judgment/adjudication motion. Mr. Buckhanan appeared by counsel Mark J. Alexander, Law Office of Mark J. Alexander. Defendants appeared by counsel Erik L. Lund, Ferguson, Praet & Sherman. For the reasons discussed below, this Court:

1. DEFERS ruling on defendants' summary judgment/adjudication motion; and
2. CONSTRUES Mr. Buckhanan's motions to withdraw deemed admissions and to amend his first amended complaint as a F.R.Civ.P. 56(f) motion for further discovery to oppose summary judgment/adjudication; and
3. GRANTS Mr. Buckhanan up to May 13, 2005 to present further evidence consistent with this order.

## BACKGROUND

### Mr. Buckhanan's Claims

Mr. Buckhanan proceeds on his first amended complaint to allege that during the late evening of January 29, 2003 or early morning of January 30, 2003, defendant City police officer Richard James Fisher ("Officer Fisher")[2] stopped Mr. Buckhanan as Mr. Buckhanan rode his bicycle, put his service revolver to Mr. Buckhanan's head, pulled the revolver's hammer back and told Mr. Buckhanan he was going to kill him. The first amended complaint further alleges:

> Officer Fisher, without provocation, knocked Plaintiff to the ground and struck Plaintiff in the face with the pistol causing Plaintiff to loose his front teeth. Ceres Police Officer and Defendant Darren Venn was present during the events described above, but did nothing to prevent his partner Defendant Fisher from threatening Plaintiff with a pistol and did nothing to prevent the pistol whipping of Plaintiff by Officer Fisher. Plaintiff presented no danger to the above-named Officers who acted deliberately, intentionally, maliciously, without justification and knowingly and willfully violating Plaintiff John Wesley Buchkanan's constitutional rights.

The first amended complaint further alleges Mr. Buckhanan signed a January 30, 2003 Settlement Agreement to settle claims arising from the incident for $500 and dental work to fix his front teeth. The Settlement Agreement, attached as an exhibit to the first amended complaint, states that Mr.

---

[2] Officer Fisher has not appeared in this action. This Court's May 17, 2004 order granted publication of summons as to Officer Fisher. On July 9, 2004, Mr. Buckhanan's filed his declaration of publication of summons.

2

1  Buckhanan acknowledges that the "City has informed him of his right to seek legal counsel prior to
2  signing this Settlement Agreement and that he signs this Settlement Agreement voluntarily with full
3  understanding of each and every term of this Settlement Agreement and a knowing waiver of the right
4  to counsel."  The Settlement Agreement further provides that Mr. Buckhanan "states that he has
5  carefully read the foregoing Settlement Agreement and knows the contents thereof and signs the said
6  of his own free act and will."

7  As to the Settlement Agreement, the first amended complaint alleges Mr. Buckhanan "was afraid
8  that he would not be permitted to leave until he signed the agreement, he was not permitted to make any
9  telephone calls to anyone and was not permitted the advice of any attorney.  Further he was taken to the
10 police station by uniformed and non-uniformed police officers, threatened by their manner and
11 comments with potential criminal prosecution and was afraid for his own safety and freedom at the time
12 he signed the agreement."  The first amended complaint continues to allege Mr. Buckhanan "thought
13 that the only way to regain his freedom would be if he complied with the wishes of the officers and
14 lawyers present by signing the agreement.  He did not understand the agreement he was signing and did
15 not realize that he was being asked to give up all of his claims against the City for the injuries caused
16 by the Ceres Police Officer who pistol whipped him."

17  The first amended complaint alleges:

18  1.  A section 1983 (first) cause of action that defendants and Officer Fisher violated Mr.
19      Buckhanan's Fourth and Fourteenth Amendment rights by subjecting Mr. Buckhanan "to
20      excessive and unreasonable force, thereafter covering up this act and depriving Plaintiff
21      of his right to recover for his damages";
22  2.  A section 1983 "custom policy and practice" (second) cause of action that defendants and
23      Officer Fisher promulgated and enforced "local policies, customs and administrative
24      practices and usages in violation of the Fourth and Fourteenth Amendments to the United
25      States Constitution" which "required and encouraged" retention of Officer Fisher "who
26      individually has a propensity for violence, dishonesty, bigotry, racism, filing false
27      reports, doing incomplete investigations and additional abuses of his (their) duties in the
28      employment of the Ceres Police Department";

1      3.     An assault and battery (third) cause of action against Officers Fisher and Venn; and

2      4.     A rescission (fourth) cause of action against defendants and Officer Fisher to rescind the Settlement Agreement.

This Court has bifurcated Mr. Buckhanan's rescission claims from the remainder of issues.

## **Deemed Admissions**

On November 29, 2004, defendants propounded requests for admission to Mr. Buckhanan, who was granted an initial extension to January 13, 2005 to provide responses. Mr. Buckhanan requested and was granted a second extension to January 21, 2005. Mr. Buckhanan requested and was granted a final (third) extension to February 4, 2005. With his March 4, 2005 letter to Mr. Buckhanan's counsel, defense counsel stated that all requests for admission "are now deemed admitted pursuant to Rule 36(a)."

Based on Mr. Buckhanan's failure to respond to defendants' requests for admission, defendants contend the following facts, subject to their requests for admission, are deemed admitted and undisputed for summary/adjudication[3]:

1. Prior to signing the Settlement Agreement on January 30, 2003, Mr. Buckhanan:
   a. "[R]ead and fully understood the entire Settlement Agreement";
   b. Was told he "could use the telephone to call an attorney" and that he "could leave";
   c. "[V]oluntarily waived [his] right to an attorney";
   d. Was "told and understood that [he was] giving up any and all rights to sue the City of Ceres and/or the officers in either State or Federal Court";
   e. "[S]tated that [he] understood that [he was] giving up [his] right to sue by signing the Settlement Agreement"; and
   f. "[S]tated that [he] wanted [his] teeth fixed and that was all [he] cared about."
2. Mr. Buckhanan "voluntarily stayed at the Ceres Police Department and signed the Settlement Agreement."
3. Mr. Buckhanan "voluntarily gave up [his] right to sue the City of Ceres and/or the

---

[3] The quoted portions are taken directly from defendants' requests for admission.

4

|   |   |
|---|---|
| 1 | officers in either State or Federal Court" and "voluntarily signed a Settlement Agreement |
| 2 | relieving the City of Ceres and the officers of all liability." |
| 3 | 4. "[O]n January 30, 2003, [Mr. Buckhanan] accepted $500.00 from the City of Ceres." |
| 4 | 5. Mr. Buckhanan "spent the entire $500.00 [he] accepted from the City of Ceres." |
| 5 | 6. Mr Buckhanan "agreed to dental treatment offered by the City of Ceres at no cost to |
| 6 | [him]." |
| 7 | 7. Mr. Buckhanan was "not forced, coerced or threatened into accepting the terms of the |
| 8 | Settlement Agreement." |
| 9 | 8. "[A]ll dealings between [Mr. Buckhanan], the City of Ceres and its representatives were |
| 10 | fair, non-coercive and without any undo advantage." |
| 11 | 9. Mr. Buckhanan "suffered no financial or economic loss as a result of this incident." |
| 12 | 10. "[T]he consideration [Mr. Buckhanan] agreed to in the Settlement Agreement was fair |
| 13 | and adequate compensation for any and all injuries [he] claim[s] in this lawsuit." |

Defendants contend that the deemed admissions establish "that the Settlement Agreement is valid and that it was voluntary, deliberate and informed" to warrant dismissal of Mr. Buckhanan's rescission (fourth) cause of action and in turn his three other causes of action. In his declaration, defense counsel states:

1. At the time Mr. Buckhanan signed the Settlement Agreement, he "was not in custody nor had he been arrested, and no criminal complaint was filed or pending against him."
2. "Before signing the Settlement Agreement, Plaintiff clearly stated that he understood that the Settlement Agreement would be a full release of all claims, including any state and federal civil claims against the City of Ceres, its officers and the officer involved in the alleged incident"
3. "I informed plaintiff of his right to seek legal counsel before signing the Settlement Agreement, however, he voluntarily agreed that he did not require the assistance of an attorney."
4. "Plaintiff was also given an opportunity to call an attorney before executing the Settlement Agreement, only he freely declined that too."

5

5.   "Before signing the Settlement Agreement, Plaintiff confirmed that he read and fully understood the entire agreement."

6.   "Plaintiff was jovial and unequivocally stated that he entered into the Settlement Agreement freely and voluntarily."

### Mr. Buckhanan's Last Minute Motions

Late in the afternoon on the day prior to the hearing on defendants' summary judgment motion, Mr. Buckhanan filed his motions to withdraw the deemed admissions and to amend his first amended complaint and set a May 13, 2005 hearing. Mr. Buckhanan's counsel contends that at the time of the events at issue, Mr. Buckhanan "was an adolescent addicted to street drugs with a recognized learning disability who never finished High School. Due to his medical conditions, [Mr. Buckhanan] lacked contractual capacity to sign away his rights . . . . Moreover, [Mr. Buckhanan's] neglect in response to discovery is due to the same condition." With his papers, Mr. Buckhanan submitted proposed responses to defendants' requests for admission, many of which indicate that Mr. Buckhanan does not recall and lacks information to admit or deny the requests for admission. Mr. Buckhanan's counsel has arranged an April 28, 2005 evaluation of Mr. Buckhanan by a neuropsychologist to address Mr. Buckhanan's mental condition. Mr. Buckhanan seeks "'one last chance' to plead and prove his case."

At the April 15, 2005 hearing, Mr. Buckhanan's counsel acknowledged "no excuse" of untimely responses to defendants' requests for admission and claimed that until April 8, 2005, he could not meet with Mr. Buckhanan who has a drug problem and potential learning disability. According to Mr. Buckhanan's counsel, there are factual issues whether Mr. Buckhanan had mental capacity to act for himself and to verify discovery responses.

### DISCUSSION

F.R.Civ.P. 56(f) addresses continuance to obtain evidence to oppose summary judgment:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

This Court's Local Rule 56-260(b) addresses opposition to summary judgment and provides in pertinent part:

If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

The evidence currently before this Court raises no issue regarding Mr. Buchanan's mental capacity. Based on the representations of Mr. Buckhanan's counsel, further evidence may exist to address Mr. Buckhanan's mental capacity as well as the failure to respond timely to defendants' requests for admission. On the basis of good cause, this Court:

1. GRANTS Mr. Buckhanan up to May 13, 2005 to provide evidence as to:
    a. The onset and duration of Mr. Buckhanan's alleged lack of mental capacity;
    b. Mr. Buckhanan's mental capacity at the time of the events subject to his first amended complaint and continuing to the present;
    c. How Mr. Buckhanan's alleged lack of mental capacity affects his ability to recall and perceive the events subject to his first amended complaint;
    d. The diligence of Mr. Buckhanan's counsel to recognize and address Mr. Buckhanan's alleged lack of mental capacity, including when did Mr. Buckhanan's counsel first recognize Mr. Buckhanan's alleged lack of mental capacity and why did counsel not sooner recognize and address Mr. Buckhanan's alleged lack of mental capacity;
    e. Whether a guardian ad litem is necessary for Mr. Buckhanan, and if so, when did such need arise and why a guardian ad litem has not been sought or sooner sought for plaintiff;
    f. Why Mr. Buckhanan's counsel did not seek appointment of a guardian ad litem for Mr. Buckhanan;
    g. How Mr. Buckhanan's alleged lack of mental capacity relates to the Settlement Agreement;
    h. Alleged invalidity of the Settlement Agreement and its effects as claimed by defendants;
    I. How Mr. Buckhanan's alleged lack of capacity prevented his responses to defendants' requests for admission;

7

        j.        Why Mr. Buckhanan cannot recall or lacks information to admit or deny defendants' requests for admission as indicated in his proposed responses to them; and

        k.        Why Mr. Buckhanan's counsel did not seek a protective order or other relief from this Court to avoid the deemed admissions when counsel realized difficulty to obtain Mr. Buckhanan's responses;

2.    VACATES the May 13, 2005 hearing on Mr. Buckhanan's motions to withdraw deemed admissions and to amend his first amended complaint. If it deems necessary, the Court will reset the hearing and set deadlines for defendants' opposition papers and Mr. Buckhanan's reply papers; and

3.    ADMONISHES Mr. Buckhanan and his counsel that his Court will tolerate no further unreasonable delay, and that this will be the only chance to provide the court with the information that is herein requested.

IT IS SO ORDERED.

**Dated:   April 21, 2005**                                  **/s/ Lawrence J. O'Neill**
66h44d                                                      UNITED STATES MAGISTRATE JUDGE